# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| CAFFEINATE LABS, INC., <br><br> Plaintiff <br><br> V. <br><br> VANTE INC., A New York corporation, and ALEXANDER SHLAFERMAN, an individual, <br><br> Defendants. |

Civil Action No. 1:16-cv-12480-GAO

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

Caffeinate Labs, Inc. ("Caffeinate") and Vante Inc. and Alexander Shlaferman ("Vante") by and through their undersigned attorneys, hereby stipulate and agree to the following with regard to confidential matters in the above captioned lawsuit:

1. This Agreement governs all documents and information produced or to be produced by any party or third party in connection with this litigation, including documents and things produced or to be produced, any answers to interrogatories, responses to requests for admissions, and deposition and other testimony disclosed through discovery in this case (the "Subject Discovery Materials"). The Subject Discovery Materials will be used for no other purpose than this litigation.

2. "Confidential Information" as used herein means any type or classification of information in any of the Subject Discovery Materials which is designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY"** by one of the parties, or a third party (the "designating party"), in accordance with this Agreement.

Confidential Designation

3. Whenever the designating party determines that a disclosure of the Subject Discovery Materials will reveal matters that such party believes in good faith are not generally known or readily available to the public, and that such party deems to constitute proprietary information, confidential business or commercial information, and/or trade secrets relating to its business, such party has the right to designate such information as confidential. In the case of written information, this designation must be made by marking the page or pages where such Confidential Information is contained, "**CONFIDENTIAL**," either prior to its disclosure to the other party (the "Receiving Party"), or at the time a copy(ies) of such written information is provided to the Receiving Party.

Confidential: Attorneys' Eyes Only Designation

4. When the designating party has good reason to believe that disclosure of the Subject Discovery Materials should be limited to outside trial counsel for the Receiving Party because of its competitively sensitive nature, or for any other good reason, including, but not limited to, Subject Discovery Materials regarding, containing, reflecting, embodying or constituting product design, product specification, product sales, product volume, pricing, revenue, profit, costs, margins, customer lists, prospective customers, manufacturers, distributors, currently implemented or not yet implemented marketing or business plans, research and analyses, technical, manufacturing, and research and development information and plans for products not yet released to the marketplace, the designating party has the right to designate such Confidential Information as "**CONFIDENTIAL: ATTORNEYS' EYES ONLY.**" In the case of written information, this designation must be made by marking the page or pages wherein such Confidential Information is contained, "**CONFIDENTIAL: ATTORNEYS' EYES**

ONLY," either prior to its disclosure to the Receiving Party or at the time a copy(ies) of such written information is provided to the Receiving Party.

Depositions

5. In the case of a deposition or other testimony, testimony containing Confidential Information shall be designated "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**," either at the time of testimony or within thirty (30) days of receipt of the written transcript. Until such designations are made, the transcript must not be disclosed by the non-designating party to persons other than those persons named or approved according to Paragraph 9 herein. If no portions of the transcript are designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**," by any party to this action or by the deponent during said deposition or within said thirty (30) days of receipt of the transcript, the transcript shall be considered not to contain any "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**."

At any time during the taking of a deposition on oral examination, counsel for the designating party may state that a particular line of questioning should be treated as "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**," as in the case of written disclosures of information covered by Paragraphs 3 and 4 above. Counsel for the parties shall then determine whether the line of questioning should not be carried out at that particular time, or whether it should be carried out with the following conditions:

    a. The reporter may be instructed to transcribe the questions and answers separate from the transcript for the remainder of the deposition, which pages shall be marked as "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**";

b. During any time that the line of questioning involving Confidential Information is being followed, any and all representatives of the Receiving Party other than counsel and outside experts subject to the terms of this Agreement as evidenced by the signing of a document in the form of **Exhibit A** attached hereto and served on opposing counsel prior to disclosure of such Confidential Information may be excluded from the deposition; and

c. Any other conditions mutually agreeable to the parties to protect the confidential status of the information.

Use of Confidential Information at Court

6. If any non-designating party's counsel intends to use at trial, or for the purpose of any motion filed with the Court any documents, interrogatory answers, deposition testimony, or other discovery responses which have been designated as **"CONFIDENTIAL"** or **"CONFIDENTIAL: ATTORNEYS' EYES ONLY,"** he/she shall so advise designating party's counsel prior to such use, and counsel for all parties shall confer in an effort to agree upon a procedure to maintain the confidentiality of such confidential information. If no agreement is reached, the matter shall be submitted to the Court by the party's counsel opposing the use of confidential information by appropriate motion to file such under seal pursuant to local rule 7.2.

Use of Information Designated **"CONFIDENTIAL"**

7. All Subject Discovery Materials that are received by counsel for either party pursuant to pretrial discovery in this action that have been designated by the other party as containing or comprising Confidential Information pursuant to Paragraph 3 above (**"CONFIDENTIAL"**), must be retained by counsel for the Receiving Party and must not be furnished, shown or disclosed by counsel to any other person, except that, and solely for the

purposes of this action, any such Confidential Information may be disclosed by counsel to "Qualified Persons." Qualified Persons as used herein means:

    i.    up to three (3) employees of each side whom outside counsel deems it necessary for the party employee(s) to review the information, document(s), or thing(s), on a strict need-to-know basis, in order for the employee(s) to assist outside counsel in this action, provided that no access shall be given until each such individual has executed a written Undertaking in the form attached hereto as **Exhibit A**. No information, documents, or things designated as Confidential Information pursuant to Paragraph 3 above shall be disclosed to any such individual until at least ten (10) business days have elapsed following written notice to the designating party of the first expected disclosure to each such individual. A fully executed copy of **Exhibit A** completed by the individual shall be included with said written notice. If the designating party makes a written objection within the ten (10) day period, no disclosure of the designating party's Confidential Information may be made until the objection has been resolved. If the parties cannot resolve the issue, the party seeking disclosure may seek an appropriate order from the Court compelling disclosure of the Confidential Information;

    ii.    legal counsel involved in the present action, including in-house counsel for each party;

    iii.    any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such counsel in this action;

    iv.    any court reporter or typist recording or transcribing testimony given in this action; and

    v.    outside experts subject to the terms of this Agreement as

evidenced by the signing of a document in the form of **Exhibit A** attached hereto and served on opposing counsel prior to such disclosure of Confidential Information.

8. In the event that counsel for the Receiving Party finds it necessary to make a disclosure of Confidential Information pursuant to Paragraph 3 above to a person other than a Qualified Person, counsel for such party must, no less than ten (10) days in advance of such disclosure, notify the Producing Party's outside trial counsel in writing of:

> i. the Confidential Information to be disclosed; and
>
> ii. the person(s) to whom such disclosure is to be made.

The Producing Party's outside trial counsel has ten (10) days after receipt of the written notice within which to object in writing to the disclosure and, in the event objection is made, no disclosure will be made without Court Order. If no objection is made by the Producing Party's outside trial counsel, or if an Order of Court permits the disclosure, counsel for the Receiving Party must, prior to the disclosure, inform the individual to whom the Confidential Information is to be disclosed as to the terms of this Agreement, and have the individual acknowledge this in writing by signing a document in the form of **Exhibit A** attached hereto, the executed document to be served on the Producing Party within ten (10) days of the signing, acknowledging that he/she is fully conversant with the terms of this Agreement and agrees to comply with it and be bound by it.

Use of Information Designated ("**CONFIDENTIAL: ATTORNEYS' EYES ONLY**")

9. All Subject Discovery Materials that are received by counsel for either party pursuant to pretrial discovery in this action that have been designated by the other party as comprising or containing Confidential Information pursuant to Paragraph 4 above

("**CONFIDENTIAL: ATTORNEYS' EYES ONLY**"), must not be furnished, shown or disclosed to any person except:

    a.    outside trial counsel for the Receiving Party assigned to this action and who has filed an Appearance with the Court in this action, or otherwise represents a party or retained by a party as counsel (including attorneys, paralegals and office personnel in the ordinary course of assisting said outside counsel and that work in the same firm as said outside counsel); and

    b.    persons (including experts) who are not in the employ of a party and who are directly and actively assisting outside trial counsel for the parties in the preparation of this action; provided, however, that in the event that outside counsel for the Receiving Party finds it necessary to make a disclosure of Confidential Information to such persons under subparagraph (b) of this paragraph, counsel for such party must, no less than ten (10) days in advance of the disclosure, notify the Producing Party's outside trial counsel in writing of:

        i.    the Confidential Information to be disclosed; and

        ii.    the person(s) to whom such disclosure is to be made.

The Producing Party's outside trial counsel has ten (10) days after receipt of the written notice within which to object in writing to the disclosure and, in the event objection is made, no disclosure will be made without Order of the Court. If no objection is made by the Producing Party's outside trial counsel, or if an Order of Court permits the disclosure, counsel for the Receiving Party must, prior to such disclosure, inform the individual to whom the Confidential Information is to be disclosed as to the terms of this Agreement, and have the individual acknowledge this in writing by signing a document in the form of **Exhibit A** attached hereto, the executed document to be served on the Producing Party within ten (10) days of the signing,

acknowledging that he/she is fully conversant with the terms of this Agreement and agrees to comply with it and be bound by it.

Other Provisions

10. Documents and things, or portions thereof, and discovery responses, or portions thereof, that the designating party in good faith believes contain "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" may be designated by affixing an appropriate legend. Such designations shall be made at the time when the discovery response is served, or when the document or thing, or copy thereof, is provided to the Receiving Party. All documents, or any portion thereof, made available for inspection (but not yet formally produced to the inspecting party) shall be presumptively deemed to contain "CONFIDENTIAL: ATTORNEYS' EYES ONLY" subject to the provisions of this Protective Order, regardless of whether so identified, until copies thereof are formally produced to the inspecting party. Any information, document, or thing that bears both designations must be treated as "CONFIDENTIAL: ATTORNEYS' EYES ONLY.

11. The designation of any document or thing as "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" shall not preclude any party from showing the document or thing to any person: (a) who appears as an author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document; (b) who admits to or has been identified by the designating party as having been provided with the document or thing or with the information therein; (c) who participated in any meeting or communication to which the document or thing pertains; (d) who is a director, officer or employee of the designating party; or (e) who has been identified by the designating party as a Fed. R. Civ. P. 30(b)(6) witness for subject matter that pertains to said document or thing.

12. The production of privileged or work-product protected documents, electronically stored information or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

13. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

14. Termination of proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. With respect to any documents or things that have been filed with the Court under seal, upon termination of this action, the parties recognize that the ultimate disposition of any such documents or things, including all copies or summaries of, or excerpts from, such documents which may have been made, shall be as directed by the Court. The parties shall not oppose efforts to show good cause to maintain such materials and documents as sealed or to remove such materials and documents from the Court record. Except as described below, within sixty (60) days after the final adjudication of this case including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information, documents and things designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**," including all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the information was obtained; or (b) certify in writing that all such information and material has been destroyed. Outside counsel for the parties to this action may retain copies of court filings, discovery responses,

deposition and hearing transcripts, and documents provided pursuant to the Court's scheduling orders containing "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY,**" provided that all such documents will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order. A party need not destroy or discard documents that it marked as containing "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" information. A party to this action that has disclosed "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY**" information to other persons or entities pursuant to the above terms, is responsible for either (a) obtaining all documents or things containing "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY,**" including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph; or (b) obtaining written certification from those persons or entities that all such information and material has been destroyed.

15. During the pendency of this litigation, including all appeals, and for a period of one year following conclusion of this litigation, any person who reviews information designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL: ATTORNEYS' EYES ONLY,**" that embodies, concerns, or reflects design information, construction information, and/or other technical information related to any of the other party's tool products, shall not draft, file or prosecute, or advise or counsel or assist in any way in the drafting, filing or prosecuting, of any patent applications, including amendments thereto, including but not limited to new, continuation, divisional or continuation-in-part applications, and including any interference, reissue, reexamination or other proceeding, before any United States or foreign agency, for any applications, disclosures, claims, or other subject matter relating to or potentially covering

products of the same type as those shown, reflected, embodied, etc. in the "CONFIDENTIAL" or "CONFIDENTIAL: ATTORNEYS' EYES ONLY" information.

16. If a Producing Party inadvertently produces to a Receiving Party any document that it deems confidential without designating it as Confidential Information, upon discovery of such inadvertent disclosure, the Producing Party must promptly inform the Receiving Party in writing, and the Receiving Party shall thereafter treat the document as Confidential Information under this Stipulation.

17. Neither party is obligated to challenge the propriety of any Subject Discovery Materials designated as Confidential Information, and a failure to do so in this action does not preclude a subsequent challenge to the propriety of the designation. However, if at any time during this litigation the Receiving Party claims that the Producing Party or a non-party has unreasonably designated certain information as "Confidential" or "Confidential: Attorneys' Eyes Only" or believes that it is necessary to disclose designated information to persons other than those permitted by this Agreement, the Receiving Party must notify the Producing Party (and all other parties to the action) in writing that the Receiving Party objects to the designation and the reasons therefore within ten (10) days of such notification. The parties shall meet and confer in an attempt to resolve the Receiving Party's objection to the designation. If that attempt at resolution fails, the Receiving Party may seek relief from the Court.

18. This Agreement shall not preclude any party from using or disclosing any of its own documents or materials for any lawful purpose.

19. The parties agree to submit this Stipulation to the Court promptly for its approval, but further agree that, prior to approval by the Court, this Stipulation will be effective between them as if approved.

| CAFFEINATE LABS, INC., | VANTE INC. and |
| --- | --- |
| | ALEXANDER SHLAFERMAN, |

By its attorneys,

By their attorneys,

/s/ John T. McInnes
John T. McInnes, Esq., BBO #657488
Jodi-Ann McLane, Esq., BBO #635567
McInnes & McLane, LLP
9 Exchange Street
Worcester, MA 01608
Phone: (774) 420-2360
Fax: (866) 610-0507
John@mcmcip.com
Jodi@mcmcip.com

/s/ Ernest V. Linek
Ernest V. Linek BBO #543985
Banner & Witcoff, Ltd.
28 State Street – Suite 1800
Boston, MA 02109
Phone: (617) 720-9600
Fax: (617) 720-9601
elinek@bannerwitcoff.com

Richard Stockton (*pro hac vice*)
Banner & Witcoff, Ltd.
Ten South Wacker Drive, Suite 3000
Chicago, IL 60606-7407
Phone: (312) 463-5000
Fax: (312) 463-5001
rstockton@bannerwitcoff.com

Dated: October 3, 2017

Dated: October 3, 2017

SO ORDERED: _____ DATED: 10/12/17

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAFFEINATE LABS, INC.,, <br><br> Plaintiff <br><br> V. <br><br> VANTE INC., A New York corporation, and ALEXANDER SHLAFERMAN, an individual, <br><br> Defendants. | Civil Action No.1:16-cv-12480-GAO |

I, _____, hereby declare under penalty of perjury that:

I confirm that I have read the Stipulation of Confidentiality and Protective Order (the "Stipulation") entered in this case.

I hereby confirm that:

    a.    I will maintain the confidentiality of the Confidential Information in accordance with the Stipulation, and will use, store and maintain such documents in accordance with the Stipulation so as to prevent the disclosure of such Confidential Information to any unauthorized person.

    b.    I will use any Confidential Information imparted to me solely for the purpose of the above litigation, and I will make no commercial use or any other litigation or non-litigation use of any part of such Confidential Information and shall not assist or permit any other person to do so.

c.  Upon the earlier of: (i) demand of counsel of record for the party who supplied the Confidential Information to me or (ii) within 30 days after the final termination of instant litigation, including appeal, I will return all Confidential Information and all copies thereof, including all notes, abstracts, summaries and memoranda relating thereto which contain any of the substance thereof, to the person or party from whom I received the Confidential Information.

I agree to be fully bound by the Stipulation and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Stipulation and this undertaking.

Dated: _____      _____

                                                                      Signature

                                                                      Address: